IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL VANCE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL HILL and SWIFT ) <br> TRANSPORTATION COMPANY OF ) <br> ARIZONA, LLC, a limited liability ) <br> company, ) <br> ) <br> Defendants and Third-Party ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LOVE'S TRAVEL STOPS AND ) <br> COUNTRY STORES, INC., ) <br> ) <br> Third-Party Defendant. ) | No. 3:17-CV-3312 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Bar Testimony of Defendant Michael Hill for Failure to Appear Pursuant to Rule 37 (d/e 41) filed by Plaintiff Michael Vance and the Motion to Dismiss the Third-Party Complaint at Law Pursuant to Rule 37(d) (d/e 44) filed by Third-Party Defendant Love's Travel Stops & Country

Stores, Inc. (Love's). Plaintiff's Motion is GRANTED, and Love's Motion is GRANTED IN PART. Hill willfully and in bad faith failed to appear at two depositions after receiving proper notice. Therefore, he is barred from testifying at a trial in this case and Hill's third-party claim against Love's is dismissed with prejudice. Hill shall also pay the reasonable expenses of Plaintiff and Love's caused by Hill's failure to attend his depositions.

## I. INTRODUCTION

In November 2017, Plaintiff Michael Vance filed a two-count Complaint against Defendants Michael Hill and Swift Transportation Company of Arizona, LLC, a limited liability company (Swift), in the Circuit Court of the Eleventh Judicial Circuit of Illinois, Logan County Case No. 2017L15. In December 2017, Swift removed the case to federal court. In the Complaint, Plaintiff alleges that Hill and Swift were negligent when Hill, who was operating a Freightliner truck and trailer as Swift's agent, servant, and/or employee, struck a disabled Freightliner semi-truck on which Plaintiff was working, injuring Plaintiff.

On October 22, 2018, Swift and Hill filed a Third-Party Complaint against Love's seeking contribution. Swift and Hill

alleged that Plaintiff was employed by Love's and acting within the scope of his employment when he was working on the disabled semi-truck on the shoulder of the Interstate 55 roadway. Swift and Hill further alleged that Love's owed Plaintiff a duty to ensure that Plaintiff was able to perform his job safely but breached that duty by failing to properly train and supervise Plaintiff concerning the proper precautions and safety measures to follow when performing emergency road service.

## II. JURISDICTION AND VENUE

Swift removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff is a citizen of Illinois. Hill is a citizen of Michigan. Swift is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Arizona. The citizenship of a limited liability company is the citizenship of each of its members. <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d 531, 534 (7th Cir. 2007). Swift Transportation Co., LLC is the sole member of Swift. Swift Transportation Co., LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Arizona. The sole

member of Swift Transportation Co., LLC is Knight-Swift Transportation Holdings, Inc., a publicly traded corporation organized under the laws of Delaware with a principal place of business in the State of Arizona. Therefore, the parties are completely diverse. The Court does not consider the citizenship of Love's because the citizenship of a third-party defendant adverse solely to the third-party plaintiff is not relevant to the existence of diversity jurisdiction. Caterpillar Inc. v. Lewis, 519 U.S. 61, 66 n. 1 (1996); Kemper-Prime Indus. Partners v. Montgomery Watson Americas, Inc., 487 F.3d 1061, 1063 (7th Cir. 2007) (noting that "a defendant's impleader under Fed. R. Civ. P. 14 of a party that is not diverse from the plaintiff does not destroy jurisdiction").

In addition, the amount in controversy exceeds $75,000 exclusive of interest and costs. Generally, when removal is sought based on diversity jurisdiction under 28 U.S.C. §1332, the sum demanded in good faith in the complaint is deemed the amount in controversy. 28 U.S.C. §1446(c)(2). Where State practice does not allow a demand for a specific sum, as is the case in Illinois, removal is proper if the district court finds, by a preponderance of the

evidence, that the amount in controversy specified in §1332(a) is satisfied.  See 28 U.S.C. §1446(c)(2)(B).

Plaintiff alleged he suffered severe and permanent injuries, lost "sums of money which would have otherwise accrued to him," lost the capacity to earn money in the future, and is liable for hospital and medical services.  Meridian Sec. Inc. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006) (noting that a removing defendant can meet the burden of showing a good-faith estimate of the stakes by calculating the amount in controversy from the complaint's allegations).  As these alleged damages could well exceed $75,000, the Court finds the amount-in-controversy requirement met.

The Court has supplemental jurisdiction over the third party-claim pursuant to 28 U.S.C. §1367.

Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  28 U.S.C. § 1391(b)(2).  Moreover, removal to this Court is proper because it is "the district and division embracing the place where [the state court] action is pending."  28 U.S.C. § 1441(a).

## III. BACKGROUND

On October 9, 2018, Plaintiff filed a Motion to Compel Discovery (d/e 24), seeking an order compelling Hill to appear for his deposition. Swift and Hill—who are represented by the same attorneys—responded that they were not refusing to produce Hill for deposition but that a deposition at that time did not make sense because they anticipated filing a third-party complaint.

On October 22, 2018, Magistrate Judge Tom Schanzle-Haskins granted the Motion to Compel in part. Judge Schanzle-Haskins delayed the deposition until January 2019 to give the third-party defendant time to appear and participate in the deposition. Judge Schanzle-Haskins ordered defense counsel to provide Plaintiff's counsel with three dates between January 2, 2019 and January 18, 2019. Plaintiff could set the deposition for any one of those three dates. Judge Schanzle-Haskins ordered Hill to appear and be deposed. If Hill did not appear, Judge Schanzle-Haskins held that Plaintiff may seek sanctions for Hill's failure to comply with the discovery order.

On January 22, 2019, defense counsel filed a Status Report (d/e 38) regarding the deposition of Hill. The Status Report

provided that Hill "is an over-the-road truck driver no longer working for Swift." Status Report ¶ 3. Hill's deposition was scheduled for January 7, 2019 by video.[1] Hill did not appear. The parties agreed to depose Hill at a later date. Counsel for Defendants subpoenaed Hill for deposition January 21, 2019. Defense counsel also hired a private investigator in Michigan to reach out to Hill and confirm receipt of the subpoena. The investigator discovered that Hill resided at a new address. On January 20, 2019, the investigator confirmed Hill's residence at the new address, left a copy of the subpoena attached to his front door, and verbally confirmed that Hill had knowledge of the deposition. Hill did not appear at the deposition. Swift paid all out-of-pocket costs for the deposition. Counsel did not travel to the deposition site but participated by video or phone. In the Status Report, Swift and Hill sought the Court's assistance in compelling Hill to appear for his deposition.

---

[1] Swift and Hill assert that the parties agreed to take the deposition by video because Hill had not driven for Swift since March 2016, was employed by another trucking company, and lived in Michigan. Resp. to Motions for Sanctions at 2 (d/e 45).

That same day, Judge Schanzle-Haskins entered a Text Order stating that a Status Report is not a motion and, if a party wants relief, the party should file a motion.

On February 12, 2019, Plaintiff filed the Motion to Bar Testimony of Defendant Michael Hill at issue herein. Plaintiff argues that Hill failed to comply with the Court order requiring defense counsel to present Hill for deposition between January 2, 2019 and January 18, 2019. Mot. ¶ 7. Plaintiff seeks to bar Hill from testifying in this case.

On February 22, 2019, Love's filed the Motion to Dismiss the Third-Party Complaint at Law Pursuant to Rule 37(d) at issue herein. Love's seeks the dismissal of the entire Third-Party Complaint filed against Love's.

Swift and Hill filed a response to the motions (d/e 45). Swift and Hill assert that, if the Court finds that a sanction is warranted, the Court should sanction Hill by barring Hill from testifying at trial. Swift and Hill assert that dismissal of the Third-Party Complaint is not warranted because Hill's testimony does not bear on the question of whether Love's breached its duty by failing to properly train and supervise Plaintiff, which is the subject of the

Third-Party Complaint. In the alternative, if the Court finds that dismissal of Hill's third-party claim against Love's is warranted, Swift asks that the Court only strike Hill's allegations from the Third-Party Complaint and decline to strike the Third-Party Complaint in its entirety because Swift has fully complied with the discovery directed against it.

## IV. ANALYSIS

Rule 37(b)(2) provides that a court may sanction a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Rule 37(d) provides that a court may order sanctions if a party fails to appear for a deposition after being served with proper notice. Fed. R. Civ. P. 37(d). The possible sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party[.]

See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)[2]; Fed. R. Civ. P. 37(d)(3) (providing that the types of sanctions available for a party's failure to attend his own deposition include those listed in Rule 37(b)(2)(A)(i)-(vi)). Rule 37(d) further provides for an award of reasonable expenses:

> Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

It is within this Court's discretion to determine whether to sanction a party and the appropriate sanction. Melendez v. Illinois Bell Tel. Co., 79 F.3d 661, 671 (7th Cir. 1996). Any sanction imposed must be "proportionate to the circumstances surrounding a party's failure to comply with discovery rules." Melendez, 79 F. 3d at 672. When the sanction imposed is dismissal, the Court must

---

[2] Rule 37(b)(2)(A)(vii) provides that the sanction may include "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

find bad faith, willfulness, or fault.  E360 Insight, Inc. v. Spamhaus Project, 658 F.3d 637, 642 (7th Cir. 2011) (involving Rule 37(b)); see also Collins v. Illinois, 554 F.3d 693, 696 (7th Cir. 2009) (Rule 37(d) authorizes dismissal as a sanction when a party fails to appear for deposition after being served proper notice if the "party's actions displayed willfulness, bad faith, or fault").

The Court finds that sanctions are warranted under Rule 37(b) for Hill's failure to appear for deposition after being ordered to appear by Magistrate Judge Schanzle-Haskins.  In addition, sanctions are warranted under Rule 37(d) for Hill's failure to appear for deposition on two occasions after being served with proper notice.  Although Hill has filed a response to the motions for sanctions, he has offered no explanation for his failures to appear.

As for the appropriate sanction, the Court finds that barring Hill from testifying in this case is appropriate.  See Fed. R. Civ. P. 36(b)((2)(A)(ii).  In addition, Hill's third party claim against Love's is dismissed as a sanction.  The Court finds that Hill's failure to attend his depositions was willful and in bad faith.  Hill's own attorney subpoenaed Hill to testify at one of the depositions.  Hill apparently did not keep his counsel apprised of his address, as

defense counsel learned from their investigator that Hill moved. Nonetheless, despite being represented by counsel and notified of the depositions, Hill failed to appear. Under these circumstances, dismissal of Hill's third-party claim against Love's is warranted. The Court will not, however, dismiss Swift's third party claim against Love's as Swift has not engaged in any sanctionable conduct.

Finally, under Rule 37(d)(3), the Court must require the party failing to act, the attorney advising that party, or both to pay reasonable expenses caused for the failure to appear unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust. See Kuberski v. Allied Recreation Grp., Inc., No. 1:15-CV-00320-RL-SLC, 2017 WL 3327648, at *5 (N.D. Ind. Aug. 3, 2017) (noting the court must award attorney's fees and travel expenses for the plaintiff's non-appearance at his deposition if the failure to appear was not substantially justified and no other circumstance make the award unjust). Because Hill's non-appearance at the January 7, 2019 and January 21, 2019 depositions was not substantially justified and no other circumstances make an award unjust, Hill shall pay Plaintiff's

and Love's reasonable expenses, including attorney's fees and costs, associated with the properly noticed January 7, 2019 and January 21, 2019 depositions of Hill. Plaintiff and Love's shall file a statement of expenses incurred with regard to the depositions on or before March 21, 2019.

## V. CONCLUSION

For the reasons stated, the Motion to Bar Testimony of Defendant Michael Hill for Failure to Appear Pursuant to Rule 37 (d/e 41) filed by Plaintiff Michael Vance is GRANTED and the Motion to Dismiss the Third-Party Complaint at Law Pursuant to Rule 37(d) (d/e 44) filed by Third-Party Defendant Love's Travel Stops & Country Stores, Inc. is GRANTED IN PART. Defendant Hill is barred from testifying at trial in this case. In addition, Hill's third-party claim against Love's is DISMISSED WITH PREJUDICE. Hill shall pay the reasonable expenses of Plaintiff and Love's associated with the depositions of January 7, 2019 and January 21, 2019. Plaintiff and Love's shall submit to the Court a statement of those expenses on or before March 21, 2019. Hill may file objections to the amounts requested on or before April 4, 2019.

ENTERED: March 7, 2019

FOR THE COURT:

                               **s/** *Sue E. Myerscough*
                               **SUE E. MYERSCOUGH**
                               **UNITED STATES DISTRICT JUDGE**