# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL VANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-cv-3312 |
| | ) |
| MICHAEL HILL and | ) |
| SWIFT TRANSPORTATION CO. | ) |
| OF ARIZONA, LLC, | ) |
| | ) |
| Defendants/ | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| LOVE'S TRAVEL STOPS & | ) |
| COUNTRY STORES, INC. | ) |
| | ) |
| Third-Party Defendant. | ) |

## **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants/Third-Party Plaintiffs' Motion to Compel Third-Party Defendant's Production of Plaintiff's Confidential Separation Agreement (d/e 42) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part. The Court denies Defendant/Third-Party Plaintiff Michael Hill's request to compel in the Motion because his claims against Third-Party Defendant Love's Travel Stops & Country Stores, Inc. (Love's) have been dismissed.

Opinion entered March 7, 2019 (d/e 49), at 14.  The Court allows Defendant/Third-Party Plaintiff Swift Transportation Co. of Arizona, LLC's request to compel in the Motion for the reasons set forth below.

BACKGROUND

This matter arises from an automobile accident (Accident) that occurred on January 11, 2016.  Plaintiff Michael Vance alleges that he was working on a disabled semi-truck and trailer parked on the shoulder of Interstate 55 in Logan County, Illinois.  He alleges that Defendant Hill negligently drove a semi-tractor truck and trailer into the disabled vehicle thereby injuring Hill.  Vance alleges that at the time of the Accident Hill was an employee of Swift acting within the scope of his employment.  See generally Notice of Removal (1), Exhibit A, Complaint.  Plaintiff Vance was employed by Love's at the time of the Accident.  Hill and Swift brought a third-party complaint against Love's for contribution.  Defendants' Third Party Complaint and Jury Trial Demand (d/e 26).

Love's produced a workers compensation claim settlement agreement (Workers Compensation Agreement) between Vance and Love's as part of its initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(ii).  Third-Party Defendant Love's Response to Swift's Motion to Compel Production of Confidential Settlement Agreement (d/e

46) (Response), Exhibit B, Third-Party Defendant's Initial Rule 26(a)(1) Disclosures, at 3.

Swift served a document production request and interrogatories on Love's. Love's responded but withheld a confidential release/settlement agreement (Confidential Agreement) between Love's and Vance from production on the grounds that the Confidential Agreement was not relevant. Love's also refused to answer Interrogatory 19 which asked for "any information, statements, documentation, or explanations that were provided to you by Vance with regard to his termination (including but not limited to the reason for the termination) from Love's." Motion, Exhibit 1, Defendants'/Third-Party Plaintiffs' First Interrogatories Directed to Third-Party Defendant, ¶ 19. The Confidential Agreement was executed in connection with Vance's separation from employment with Love's. See Response, at 2-3.

Vance indicated in his deposition that the settlement at his separation from employment was related to his workers compensation claim.

> Q. When did you stop working for Love's?
> A. . . . . Whenever I just got let go. I resigned there.
> . . . .
> Q. And why did you get let go?
> . . . .
> A. Settlement offer for resignation between Love's and I.
> Q. Did that have to do with settlement of a workers' comp claim?

A. Yes.

Vance Deposition, at 17-18.  Based on Vance's deposition quoted testimony, the Court directed Love's to submit a copy of the Confidential Separation Agreement and Workers Compensation Agreement to the Court for in camera inspection.  Opinion entered March 6, 2019 (d/e 48), at 3.  Love's has complied and provided the requested documents.

After careful review of the Confidential Agreement and the Workers Compensation Agreement, the Court concludes that the Confidential Agreement is relevant for discovery purposes.  Love's produced the Workers Compensation Agreement in its initial disclosures.  As such, Love's has identified the Workers Compensation Agreement as a document that it may use at trial.  Fed. R. Civ. P. 26(a)(1)(ii).  Vance testified that the Workers Compensation Agreement and his separation from employment were related.  The Confidential Agreement was signed in connection with his separation from employment with Love's.  Vance signed the Workers Compensation Agreement and the Confidential Agreement on the same day.  These facts support Vance's testimony that the documents were related. See e.g., Gallagher v. Lenart, 226 Ill.2d 208, 231, 874 N.E.2d 43, 58 (Ill. 2007) ("[I]nstruments executed at the same time, by the same parties, for the same purpose, and in the course of the

same transaction are regarded as one contract and will be construed together."). Swift is entitled to discover whether the Confidential Agreement and the Workers Compensation Agreement were part of a single agreement between Love's and Vance.

The Confidential Agreement recites that it is to be kept confidential. After review, the Court agrees that document and the answer to Interrogatory 19 should be subject to a protective order at this time. The parties are directed to prepare an agreed protective order prior to the production of the Confidential Agreement and the answer to Interrogatory 19.

THEREFORE, IT IS ORDERED that Defendants/Third-Party Plaintiffs' Motion to Compel Third-Party Defendant's Production of Plaintiff's Confidential Separation Agreement (d/e 42) is ALLOWED in part and DENIED in part. Defendant/Third-Party Plaintiff Michael Hill's request is DENIED. Defendant/Third-Party Plaintiff Swift Transportation Co. of Arizona, LLC's request is ALLOWED. Third-Party Defendant Love's Travel Stops & Country Stores, Inc. is directed to produce to the Confidential Agreement and answer Interrogatory 19 on or before April 15, 2019. The production of the Confidential Agreement and the answer to Interrogatory 19 shall be subject to a protective order. Third-Party Plaintiff Swift and

Third-Party Defendant Love's are directed to file a proposed agreed protective order by April 10, 2019 or inform the Court by that date if they cannot agree on a proposed order.

ENTER: March 19, 2019

s/ *Tom Schanzle-Haskins*<br>
TOM SCHANZLE-HASKINS<br>
UNITED STATES MAGISTRATE JUDGE